## UNITED STATES v. POSNER et al.

District Court, S. D. New York.
May 2, 1933.

George Z. Medalie, U. S. Dist. Atty., of New York City (James A. Austin, of New York City, of counsel), for the United States.

Archibald Palmer, of New York City, for defendants.

COLEMAN, District Judge.

Each of the four counts alleges that the two defendants constituted a partnership do-

ing business under the name Bond Dress Company and that in contemplation of the bankruptcy of the partnership the defendant Posner aided and abetted by the defendant Eisen transferred certain of the partnership assets. It is alleged that following the transfer the partnership, as distinct from the individual members thereof, was duly adjudicated in bankruptcy and a trustee elected. In the first and second counts the transfers are alleged to have been made to a person who was a creditor of the defendant Posner in the amount of the transfers, but who was not a partnership creditor. In the third and fourth counts the transfers are alleged to have been made to persons who may have been partnership creditors but, if so, in amounts much less than the amounts of the transfers.

All four counts allege that the transfers were made "knowingly and fraudulently and with intent to defeat the operation of the Acts of Congress relating to bankruptcy." There is, however, no allegation of concealment by the defendants nor statement that they or any one else would share with the transferees in the moneys transferred. The counts are drawn not under the more familiar subdivision (1) of section 52 (b) of title 11, U. S. C. (11 USCA § 52 (b) (1), but under the heretofore little used subdivision (6). The relevant portion of the statute reads as follows:

"(a) A person shall be punished by imprisonment for a period of not to exceed five years upon conviction of the offense of having knowingly and fraudulently * * *

"(b) * * * (6) having been an officer or agent of any person or corporation, and in contemplation of the bankruptcy of such person or corporation, or with intent to defeat the operation of this title, concealed or transferred any of the property of the debtor. * * *" (11 USCA § 52 (a), (b) (6).

The only questions presented are as to the construction of this subdivision of the statute and the first is whether it is applicable to defendants who were the partners in a bankrupt firm. The subdivision plainly requires that the person committing the crime be different from the person adjudicated a bankrupt, and if there were only an individual bankrupt, it could not be construed so as to make any act of his a crime. In the present case the defendants are the bankrupts, but only in their partnership capacity and the question is whether there is sufficient difference to satisfy the requirements of the statute between their identity as bankrupt partners and their identity as the perpetrators of the acts alleged.

It is recognized that in our jurisprudence, unlike that of the Civil Law, a partnership has no separate entity as distinguished from the individuals constituting it, though in bankruptcy the situation is treated in some respects as though there were a separate entity. While a partner is frequently spoken of as acting as agent for his firm, he does in fact act as partner which, of course, includes an element of agency for the other partners, but does not import a separate entity. The defendant Posner in making the transfers alleged acted as a partner with the consent and assistance of the other member of the firm, the defendant Eisen. They were adjudicated bankrupts as partners and it is impossible for me to see any difference between their identity as bankrupts and as perpetrators of the transfers alleged. The fact that in the bankruptcy proceeding certain rules of procedure and distribution are the same as though the firm had a separate entity, is immaterial.

Furthermore, it seems to me that the subdivision in question requires that there be a concealment in order to constitute the crime. Subdivision 1, which is applicable to the bankrupt himself, does not make a mere transfer criminal though committed for the purpose of defeating the operation of the Bankruptcy Law unless there is present the element of concealment. It seems to me unlikely that Congress intended to make an act criminal if committed by an agent, when the principal might have done exactly the same thing with impunity. Assuming that the agent was not acting larcenously for his own benefit, but merely on behalf of his principal, it would seem outlandish to brand his transfer as criminal when the principal could have made it without guilt. Such an intention would have to be very clearly indicated in the statute.

Subdivision 6 uses the words "concealed or transferred any of the property of the debtor" and the government contends that the disjunctive "or" indicates an intention that any "transfer" even without concealment would be sufficient if made for the purpose of defeating the operation of the Bankruptcy Law; in other words, that "transfer" designates a different class of acts from those included in "conceal." The argument that the disjunctive in this instance indicates separate classes of acts rather than one class described by two alternative designating words loses some of its force from a consideration

of the rest of the subdivision. In the same sentence is the expression "in contemplation of the bankruptcy of such person or corporation, or with intent to defeat the operation of this title" which plainly presents a use of the word "or" as joining two descriptive expressions for the same thing rather than as joining expressions descriptive of two separate things. Applying the government's construction of the word "or" in both instances, the section would make criminal any transfer of property in contemplation of bankruptcy whether made for the purpose of defeating the operation of the law or not. That is, a clerk in the office of a prospective bankrupt, who paid some of the latter's money for the purpose of filing a voluntary petition in bankruptcy would be guilty of this crime. Criminal statutes are to be strictly construed, and it seems to me that this subdivision does not cover the facts alleged.

Demurrer sustained.