## VILES v. UNITED STATES.

No. 4394.

United States Court of Appeals Tenth Circuit.

Jan. 7, 1952.

Rehearing Denied Jan. 18, 1952.

Writ of Certiorari Denied March 31, 1952.
See 72 S.Ct. 650.

Edmond L. Viles pro se.

Henry E. Lutz, Asst. U. S. Atty., Denver, Colo. (Charles S. Vigil, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PER CURIAM.

Viles was charged by an indictment returned in the United States District Court for the District of Colorado on March 13, 1931, with a violation of § 29, sub. b of the

Bankruptcy Act, as amended by the act of May 27, 1926, 44 Stat. 662, 665.[1] The indictment charged that Viles, as an officer and agent, to-wit, president, of Mode Art Hosiery and Corset Shop, Inc., a corporation, in contemplation of the bankruptcy of such corporation, did unlawfully, fraudulently and with intent to defeat the operation of the Bankruptcy Act, transfer certain valuable property, specifically described in the indictment, belonging to such corporation, to himself and Frances N. Viles. The case was numbered 6702 on the docket of the District Court.

Viles was tried upon the indictment and a verdict of guilty was returned. Thereafter, on December 16, 1931, the court entered an order suspending the imposition of sentence and placing Viles upon probation for a period of two years. On March 2, 1933, Viles was granted an unconditional pardon by the President of the United States.

On January 22, 1951, Viles filed a petition in cause No. 6702 in which he alleged that the indictment failed to charge an offense under any law of the United States, for the reason that it did not charge that he concealed such property; that in the trial upon the indictment errors were committed in the admission of evidence and in the charge to the jury, and that he petitioned the United States Court of Appeals for the Tenth Judicial Circuit for a review of his conviction on the indictment, and that the Circuit Court refused to review such conviction for the reason that no sentence had been imposed. Viles prayed for a declaratory judgment adjudging that the indictment and other records in the criminal proceeding be expunged.

From a judgment denying the petition Viles has appealed.

The docket entries in cause No. 6702 show that on February 12, 1932, Viles was denied leave to prosecute an appeal in forma pauperis. A search of the records in the office of the Clerk of the United States Court of Appeals for the Tenth Circuit failed to disclose any petition or application by Viles filed in this Court seeking a review by appeal or otherwise of the verdict of guilty or the order suspending the imposition of sentence.

In United States v. Posner, D.C. N.Y., 3 F.Supp. 252, the court held that concealment was an essential element of the offense defined in § 29, sub. b of the Bankruptcy Act, as amended by the Act of May 27, 1926. In United States v. Shapiro, 7 Cir., 101 F.2d 375, 379, the court reached an opposite conclusion and held that the phrase "concealed or transferred," should be read in the disjunctive, and that either a transfer or a concealment of property of the debtor, the other elements of the offense defined being present, would constitute an offense. We agree with the interpretation placed on the statute by the Seventh Circuit.

It is clear that Viles alleged no facts entitling him to relief under 28 U.S. C.A. § 2255, Barnes v. Hunter, 10 Cir., 188 F.2d 86, 89–90.

We are of the opinion that the petition filed by Viles alleges no facts which would give the court below jurisdiction to expunge from the records of that court, the indictment, the verdict of guilt, and the order of probation.

Affirmed.

[1]. Section 29, sub. b of the Bankruptcy Act, as amended by the Act of May 27, 1926, in so far as it is here material reads: "(b) A person shall be punished by imprisonment for a period of not to exceed five years upon conviction of the offense of having knowingly and fraudulently * * * (6) having been an officer or agent of any person or corporation, and in contemplation of the bankruptcy of such person or corporation, or with intent to defeat the operation of this Act, concealed or transferred any of the property of the debtor; * * *." [See 1948 Revised Criminal Code, 18 U.S.C.A. § 152.]