Doris L. **GARDINER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17719.

United States Court of Appeals
District of Columbia Circuit.

Argued July 26, 1963.

Decided Aug. 15, 1963.

Mr. Henry Lincoln Johnson, Jr., Washington, D. C., (appointed by the District Court) for appellant.

Mr. Barry Sidman, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Frederick G. Smithson, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

The appellant, Doris Gardiner, was convicted under fifteen counts of an indictment charging as many violations of the narcotics laws. Shortly theretofore she had served part of a sentence for similar offenses. Her plea that she was entrapped by federal narcotics agents into selling large quantities of heroin to one of them on several different occasions was submitted to and rejected by the jury.

On appeal, she argues *inter alia* that there was entrapment as a matter of law. The point is without substance. There was hardly enough evidence to justify submitting the question of entrapment to the jury.[1]

██ She also contends that a confession was obtained from her in violation of the Supreme Court's Mallory ruling.[2] Appellant was arrested at 4:45 p.m. March 8, 1962. She was taken to the office of the Federal Bureau of Narcotics for booking and routine processing, arriving there at 5:00 p. m. Within minutes thereafter, while a line-up sheet was being prepared, she began a somewhat lengthy oral statement, admitting the offenses with which she was charged. She was advised that she did not have to make a statement, and was not threatened, coerced, intimidated or abused in any way. In these cirmumstances, appellant's threshold confession was not obtained in violation of Criminal Rule 5(a) and was properly admitted into evidence. See Jackson v. United States, 114 U.S.App. D.C. 181, 313 F.2d 572, 575 (1962), where we said, "The critical period is that between arrest and confession. 'Detention after a confession plainly does

1. Cf. Lopez v. United States, 373 U.S. 427, 434, 436, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963).

2. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

not affect its admissibility. United States v. Mitchell, 1944, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140.' Metoyer v. United States, 102 U.S.App.D.C. 62, 65 n. 4, 250 F.2d 30, 33 n. 4 (1957). * * "

Other points pressed on appeal do not seem to us to require discussion.

Affirmed.