Joseph **BEASLEY, Jr.,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 7326.

United States Court of Appeals
Tenth Circuit.

Feb. 11, 1964.

Stanley P. Zuris, Albuquerque, N. M. (Rueckhaus & Brown, on the brief), for appellant.

John Quinn, U. S. Atty. (John A. Babington, Asst. U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant was indicted for, and found guilty by a jury of, using the mails with intent to defraud in violation of 18 U.S.C. § 1341. On this appeal he does not question the sufficiency of the evidence to establish a scheme and intent to defraud.

A guilty verdict was returned on each of the ten counts of the indictment; and a 5-year sentence was imposed on each count, the terms to run concurrently. Appellant contends that the evidence is insufficient to sustain the convictions on the first three counts because of the failure to show any mailings within the 5-year statute of limitations.[1]

The letters covered by the first three counts are all postmarked April 16, 1957, and, hence, are not barred un-

1. 18 U.S.C. § 3282.

less the indictment was found more than five years thereafter. The indictment bears the file mark of April 12, 1962, less than five years after the mailings. Although the appellant questions the April 12, 1962, date, he has come forward with nothing to show that the indictment was actually returned on any other date. We accept as correct the date stamped on the indictment. The statute of limitations is no bar.

■■ Appellant seeks to make much of the lack of clarity in the court's instructions relating to the statute of limitations. Although not models of clarity, the instructions were not objected to. The offenses stated in the three questioned counts were not barred. No motion was made to withdraw the counts from consideration by the jury. Appellant is really in a position of complaining about instructions favorable to him. Indeed, his brief leaves us in doubt as to what point he actually seeks to make. His failure to request any instruction and to object to the instructions [2] given forecloses consideration of the point unless manifest injustice has occurred.[3] A careful reading of the instructions convinces us that they contain no plain errors or defects affecting substantial rights which must be noticed under Rule 52(b), F.R.Crim.P.

The remaining seven counts are attacked on the ground that the letters on which they are based were all written and mailed after the addressees had paid their money and, hence, did not relate to a mailing for the purpose of executing the scheme to defraud. The indictment alleges and the evidence establishes that appellant sold fractional interests in land represented to contain valuable uranium deposits although he knew that his title to the land was doubtful and that the existence of uranium deposits was not shown by reliable exploratory operations. The letters in question were written in August and September, 1957, to persons who had previously subscribed twice to the scheme.

The letters contained extravagant statements as to value,[4] and assurances of success.[5] Additionally, the letters disclose a continuing effort to raise money to further the scheme.[6]

Appellant relies on Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L. Ed. 88, and Parr v. United States, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277. In the Kann case the mailing was by a bank of checks for collection which it had cashed for the defendant after he had obtained them fraudulently. The Parr case, so far as pertinent, presented mailings by an oil company of invoices covering purchases made through the fraudulent use of a credit card. In United States v. Sampson, 371 U.S. 75, 80–81, 83 S.Ct. 173, 175–176, 9 L.Ed.2d 136, the Court held that these cases did not apply in a situation where the mailings, after the money was obtained, were by the defendant to the victims "for the

---

2. See Rule 30, F.R.Crim.P.

3. McMurray v. United States, 10 Cir., 298 F.2d 619, 622, certiorari denied 369 U.S. 860, 82 S.Ct. 950, 8 L.Ed.2d 18; Burns v. United States, 10 Cir., 286 F.2d 152, 157.

4. For example, in an August 15, 1957, letter, appellant referred to claims in which he said he was giving the subscribers interests as bonuses and wrote: "They will cost you nothing, and if the scuttlebutt is anyways near right, they are worth a fantastic figure—think of an ore bed three hundred feet thick worth over a thousand dollars a ton."

5. In a letter postmarked September 25, 1957, appellant said: "Just sit tightly and I will pull the whole deal through for all of us."

6. On August 1, 1957, appellant wrote: "I Am Compelled To Go Through This Corporation Business Because It Is the Only Way Open Presently To Raise The Money To Complete The Work On Our Claims." A letter postmarked September 25, 1957, says: " * * * so there will be no corporation. Since that has been marked off the agenda, I have instituted a program that is raising the money now—some has come in, more is due now, and there is a very definite move by some men to raise drilling money on the Colorado Valley claims."

purpose of lulling them by assurances that the promised services would be performed," and that such use of the mails was "for the purpose of executing" a scheme to defraud within the meaning of the statute.

In the case before us the indictment charged, and the evidence shows, that the appellant wrote lulling letters to assure the purchasers that they would suffer no loss and that he would perform. Efforts of the appellant to obtain more money by use of the scheme continued after the victims named in the indictment had made their payments.[7] In our opinion the record shows a deliberate, planned, and continuing use of the mails for the purpose of executing a scheme to defraud and is within the statute as construed in the Sampson case.

Affirmed.

---

7. Continuing efforts to raise money are shown by the August and September, 1957, letters and also by the testimony of appellant that, in the summer of 1957, he continued to take money under the scheme.