Ernest Robert WALTON, Appellant,

v.

UNITED STATES of America,
Appellee.

Elizabeth P. COMLEY, Appellant,

v.

UNITED STATES of America,
Appellee.

Kenneth Eddie CHOW, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 7589, 7590, 7627.

United States Court of Appeals
Tenth Circuit.

July 16, 1964.

John J. Mullins, Jr., Denver, Colo., for appellant Ernest Robert Walton.

L. Richard Freese, Jr., Denver, Colo., for appellant Elizabeth P. Comley.

Edward C. Eppich, Denver, Colo., for appellant Kenneth Eddie Chow.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The appellants were charged jointly with bank robbery and conspiracy in a 2-count indictment returned in the United States District Court for the District of Kansas. They were convicted on both counts and these appeals are from the judgment and sentence imposed following conviction. Three days after the robbery Walton was questioned by Kansas law enforcement officers and agents of the F. B. I. He admitted that he participated in the robbery, and his confession implicated Comley and Chow. These consolidated appeals present two important questions: (1) whether Walton's confession was inadmissible in evidence because he was not taken before a committing magistrate without unnecessary delay after his arrest, as required by Rule 5(a), F.R.Cr.P., and (2) whether the court erred in not granting motions of Comley and Chow for separate trials in view of Walton's confession.

On Friday, January 4, 1963, the Rosedale State Bank at Kansas City, Kansas

was robbed by three persons.[1] Little progress had been made by law enforcement officers in solving the crime until Monday, January 7, on which date Walton, who was employed in Kansas City, Missouri, was driven to Kansas City, Kansas by a friend, Tommy Nunn. After arrival in Kansas City, Kansas, Walton requested Nunn to stop near a hospital. Walton left the automobile and returned shortly thereafter with a plastic bag containing a quantity of money. Walton took some of the money from the bag and then placed the bag, containing the remaining money, underneath the car seat. Walton and Nunn later appeared at the county courthouse where Walton reported to the Parole and Probation Officer of Wyandotte County, Kansas. The probation officer advised Walton that the Kansas City police desired to talk to him and that he could either go down there himself or the probation officer would call the police, "and let them come up to my office." Walton and Nunn arrived at the police station about 1:00 P.M. where they were questioned rather briefly as to their whereabouts the past few days and the police inquired as to where Walton's 1958 Ford automobile was located. The police had no reason to suspect that either Walton or Nunn had participated in the bank robbery, but were looking for leads.

The record does not disclose the extent of the questioning of Walton and Nunn at this time, but there was intermittant questioning of both. Sometime before 2 P.M., Nunn advised the officers that he and Walton had driven to Kansas City, Kansas in his (Nunn's) car. He stated that the automobile was parked near the county courthouse and agreed to take the officers there and gave his consent that it be searched. The plastic bag containing approximately $5,000 was found in the car. The witnesses agreed that the trip to Nunn's car and return to police headquarters took approximately one hour.[2] Upon their return shortly before 3 P.M., Walton was sitting alone in a room at headquarters. F. B. I. Agent Thomas showed him the money which had been taken from Nunn's car, and Walton responded that it was his share from the Rosedale bank robbery. Up to this time the officers had no cause to arrest Walton, and the evidence is undisputed that he was not under arrest and was free to leave headquarters if he desired. Upon making the admission about the money found in Nunn's car, Walton, after being fully advised as to his right to counsel and that any statement made by him could be used against him, continued immediately to make a clean breast of the entire affair by narrating to F. B. I. Agent Hansen the planning of the robbery by the three participants, the actual robbery, and the division of the money. This narration was completed sometime between 4 and 5 P.M. During this time a United States Commissioner was available before whom Walton could have been taken, but instead, the officers, with Walton's assistance, took time to prepare a typewritten statement of what he had told them. This statement was completed sometime after 6 P.M. The United States Commissioner was not then available until the following day at 1:30 P.M., when Walton was charged and arraigned. When the confession was offered in evidence an objection to its admission was made on the ground that Walton had not been taken before a committing magistrate without unnecessary delay after his arrest. After a hearing out of the presence of the jury, the court overruled the objection.

        Rule 5(a), F.R.Cr.P., provides that an officer making an arrest under a warrant or without a warrant shall take

---

1. Two armed men entered the bank, one of whom was dressed as a woman, with the customary makeup. One of the men had a pistol and the other carried a sawed-off shotgun. The third person was in an automobile near the bank.

2. There is considerable uncertainty in the evidence as to the exact time that Walton and Nunn appeared at police headquarters, the time that Nunn left with the officers for the trip to his car, and their return. All of the times referred to herein are approximate.

the arrested person before the nearest available commissioner or committing magistrate "without unnecessary delay", and if the person has been arrested without a warrant, a complaint shall be filed forthwith. It is now settled that if an arrested person makes incriminating statements or confessions after an arresting officer has failed to comply with Rule 5(a), the statements or confessions are not admissible in evidence against the accused even though voluntarily made. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479; Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100; United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140, rehearing denied 322 U.S. 770, 64 S.Ct. 1257, 88 L.Ed. 1595; McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, rehearing denied 319 U.S. 784, 63 S.Ct. 1322, 87 L.Ed. 1727. It is equally clear from these decisions that it was not the intent of the rule that all information obtained through questioning prior to the filing of formal charges or before an accused has been taken before a committing magistrate is inadmissible. As said in Mallory: "The requirement of Rule 5(a)

is part of the procedure devised by Congress for safeguarding individual rights without hampering effective and intelligent law enforcement." 354 U.S. at 453, 77 S.Ct. at 1359. In McNabb the court said: "The mere fact that a confession was made while in the custody of the police does not render it inadmissible." 318 U.S. at 346, 63 S.Ct. at 615. There is no hard and fast rule as to what constitutes unnecessary delay. Each case must be determined on its own facts. Pixley v. United States, 10 Cir., 220 F.2d 912. But if the delay in taking an arrested person before a committing magistrate is for the purpose of extracting a confession, it is a violation of Rule 5(a). The facts in this case are not at all like the facts in the Mallory case,[3] but are quite similar to those in United States v. Mitchell, supra, where the accused, shortly after being brought to the police station, admitted his guilt and consented to a search of his home by officers.[4] Here Walton, when shown the money taken from Nunn's car, immediately admitted that it was part of the money stolen from the bank, and then continued to tell the entire story.[5] The delay in taking him before a commis-

3. In Mallory v. United States, 354 U.S. 449, 455, 77 S.Ct. 1356, 1360, in holding that the delay violated the provisions of Rule 5(a), the following reason is stated:
    "The circumstances of this case preclude a holding that arraignment was 'without unnecessary delay.' Petitioner was arrested in the early afternoon and was detained at headquarters within the vicinity of numerous committing magistrates. Even though the police had ample evidence from other sources than the petitioner for regarding the petitioner as the chief suspect, they first questioned him for approximately a half hour. When this inquiry of a nineteen-year-old lad of limited intelligence produced no confession, the police asked him to submit to a 'lie-detector' test. He was not told of his rights to counsel or to a preliminary examination before a magistrate, nor was he warned that he might keep silent and 'that any statement made by him may be used against him.' After four hours of further detention at headquarters, during which arraignment could easily have been made in the same building in which the police headquarters were housed, peti-

tioner was examined by the lie-detector operator for another hour and a half before his story began to waver. Not until he had confessed, when any judicial caution had lost its purpose, did the police arraign him."

4. "Of course, our decision in United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140, makes clear that confessions made during the period immediately following arrest and before delay becomes unlawful are not to be excluded under the rule." Culombe v. Connecticut, 367 U.S. 568, 599, note 50, 81 S.Ct. 1860, 1877, 6 L.Ed.2d 1037.

5. In Mallory, 354 U.S. 449, 455, 77 S.Ct. 1356, 1359, the court indicated that the officers may check a story voluntarily given to them by an accused before they are required to take him before a magistrate. The court said:
    "The duty enjoined upon arresting officers to arraign 'without unnecessary delay' indicates that the command does not call for mechanical or automatic obedience. Circumstances may justify a brief

sioner and filing the complaint was not for the purpose of exacting admissions from him, but to give him an opportunity to complete his voluntary statement. We do not believe, under the circumstances which existed here, that investigating officers are required to refuse to permit a detained or arrested person to continue his statement for the purpose of rushing him before a committing magistrate. See United States v. Vita, 2 Cir., 294 F.2d 524, cert. denied 369 U.S. 823, 82 S.Ct. 837, 7 L.Ed.2d 788; United States v. Ladson, 2 Cir., 294 F.2d 535, cert. denied 369 U.S. 824, 82 S.Ct. 840, 7 L.Ed. 2d 789; Muldrow v. United States, 9 Cir., 281 F.2d 903; Holt v. United States, 8 Cir., 280 F.2d 273, cert. denied 365 U.S. 838, 81 S.Ct. 750, 5 L.Ed.2d 747; Perry v. United States, 102 U.S.App.D.C. 315, 253 F.2d 337, cert. denied 356 U.S. 941, 78 S.Ct. 785, 2 L.Ed.2d 816; Hollingsworth v. United States, 10 Cir., 321 F.2d 342; Gardiner v. United States, 116 U.S.App.D.C. 270, 323 F.2d 275, cert. denied 375 U.S. 976, 84 S.Ct. 495, 11 L. Ed.2d 421; United States v. Long, 6 Cir., 323 F.2d 468; Evans v. United States, 8 Cir., 325 F.2d 596; Federal Practice and Procedure, Barron, Vol. 4, § 1871, text p. 27, et seq. and 1963 Supp. thereto, p. 15 et seq. The delay to which Walton now objects had no influence whatsoever on what he told the officers.

We hold that this was not an unnecessary delay as contemplated by Rule 5(a).

■ Prior to trial Comley and Chow moved for a severance of their trials because of Walton's confession which named them as participants in the bank robbery. It was contended that the court could not remove the prejudicial effect of this confession as to Comley and Chow by instructing the jury that it was not to be considered as evidence of their guilt.[6] A situation such as this presents a difficult problem for the trial judge in criminal cases where there are multiple defendants who should be tried together,[7] and requires utmost care in the exercise of his broad discretion in determining whether separate trials should be granted to co-defendants. Its action will be upheld unless there is a clear abuse of discretion. The question here is a close one, but we are not prepared to say that it is one in which the jury could not follow the court's instruction or that the court abused its discretion in denying the severance.[8]

■ The appellants Comley and Chow contend that the court committed reversible error as to them by permitting the witness Jenkins to testify concerning an automobile which had been stolen from him during the month of November, 1962. When recovered a few days

delay between arrest and arraignment, as for instance, where the story volunteered by the accused is susceptible of quick verification through third parties. But the delay must not be of a nature to give opportunity for the extraction of a confession."

6. The court was careful to instruct the jury that it should give separate and personal consideration to the case of each individual defendant and should not consider any evidence admitted solely against some other defendant or defendants. The court further instructed the jury that it should consider the confession only as evidence against Walton if it found that such confession was voluntarily made and that "It is not to be considered by you as evidence against the defendants Elizabeth P. Comley and Kenneth Eddie Chow."

7. The Advisory Committee on Federal Criminal Rules recognized that in this type of case a limiting instruction may not eliminate the prejudice of admitting confessions of a co-defendant.

The Committee has recommended an amendment to Rule 14, F.R.Cr.P., which would provide a procedure whereby the issue of prejudice might be resolved by a motion for severance. March, 1964, 2d Prelim. Draft of Proposed Amendments to the Rules of Criminal Procedure for United States District Courts. The suggested procedure was substantially that which was followed by the trial court in this case.

8. Many of the decisions of this court which have considered the discretion of the trial court in similar cases are reviewed, and the rule restated, in Baker v. United States, 10 Cir., 329 F.2d 786.

later, the license plate which had been attached to the automobile was missing. During the investigation following the Rosedale bank robbery, F. B. I. Agents found the missing Jenkins license plate on property adjacent to that occupied by Mrs. Comley. Her fingerprints were on the plate. Nearby were three other automobile license plates, one of which had been issued to Chow, and one had been taken from another automobile which had been stolen the night before the bank robbery. The court sustained an objection to all of Jenkins' testimony with reference to the stolen car and the jury was instructed that it was "to disregard all of the testimony of Mr. Jenkins except that he did own an automobile having Missouri License ZT–3–848." Jenkins was permitted to testify that he did not throw away his license plate. If there was error in the testimony of Jenkins relating to his stolen car, it was cured by the instruction. 5A C.J.S. Appeal & Error § 1737; Helton v. United States, 5 Cir., 221 F.2d 338; Fahning v. United States, 5 Cir., 299 F.2d 579. This is particularly true in the absence of a motion for a mistrial.

Mrs. Comley also contends that there is insufficient evidence to sustain a conviction against her. This contention is without merit. Without attempting to relate all the evidence which tended to connect Mrs. Comley with the robbery, it suffices to say that she was identified as the driver of an automobile which was double-parked with its motor running near the bank during the time of the robbery. The following day officers located the same kind of an automobile in the vicinity of the Comley residence. In this car was found a sawed-off shotgun similar to one used by one of the men who entered the bank. There was testimony that this identical gun had been sold to Mrs. Comley sometime prior to the robbery.

The appellant Chow urges that the failure of the trial court to give an instruction on the defense of alibi was plain error affecting his substantial rights, which should be considered now, even though the question was not properly raised during the trial. At the completion of the charge to the jury, the court asked the defendant Chow if there were any objections. His attorney responded that there were none. This court has on numerous occasions held that objections to instructions will not be considered on appeal in the absence of compliance with Rule 30, F.R.Cr.P. Ryan v. United States, 10 Cir., 314 F.2d 306, and cases cited; Beasley v. United States, 10 Cir., 327 F.2d 566.

Considering the entire charge to the jury, which was proper and complete, we are satisfied that the failure to give an instruction on the defense of alibi did not affect the substantial rights of Chow.

Affirmed.