James Robert **BURCHINAL**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 7741.

United States Court of Appeals
Tenth Circuit.

March 23, 1965.

---

Raymond S. Duitch, Colorado Springs, Colo., for appellant.

Robert E. Long, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., with him on the brief), for appellee.

Before PICKETT, HILL and SETH, Circuit Judges.

PICKETT, Circuit Judge.

Burchinal appeals from a conviction on two counts of an indictment charging him, as president and sole stockholder of a corporation, with having knowingly and fraudulently transferred and concealed the proceeds of a sale of corporate property in contemplation of bankruptcy and with the intent to defeat the bankruptcy law, and with making a false oath regarding the same assets, in violation of 18 U.S.C. § 152.

Burchinal operated a retail furniture business known as "Factory Showrooms, Inc.", in Denver, Colorado. During the early months of 1962 business had been poor and the corporation was in financial

distress. Creditors were pressing for payment of their respective accounts. The business owed approximately $90,000, far more than the value of its assets. In April of 1962 Burchinal discussed the possibility of a sale of broken lots and damaged pieces of furniture with Harold S. Stein, a merchandise liquidator. This sale, which constituted one-fourth to one-third of the corporation's total inventory, was finally consummated the latter part of May, 1962. Stein paid for the merchandise with an $8400 check payable to the corporation, and received a bill of sale therefor dated May 31, 1962. Stein testified that in his opinion the value of the merchandise he purchased was approximately $14,000. Burchinal told an F.B.I. agent that it was worth $20,000. It is the $8400 received from Stein that Burchinal was alleged to have unlawfully concealed and transferred.

An attorney representing a number of judgment creditors of the corporation, after many unsuccessful attempts to arrange for payment of the judgments, advised Burchinal on May 31, 1962 that he intended to levy execution on the company's inventory. On the same day Burchinal endorsed the $8400 check and delivered it to his wife, who deposited it, together with other funds of the corporation, in a bank at Littleton, Colorado, using her maiden name of Charline McKenzie. The levy was subsequently executed on June 4, 1962, at which time all of the property on the debtor's premises was removed and put into storage.[1] Thereafter, on July 18, 1962, an attorney acting for three of the corporation's creditors filed on their behalf an involuntary petition in bankruptcy against Factory Showrooms, Inc. On the 1st day of August, 1962, in the required statement of affairs of the bankrupt corporation, Burchinal stated under oath that no property of the bankrupt had been transferred within the past 12 months other than in the ordinary course of business.

Charline McKenzie testified that she thought the money which she had deposited in the Littleton bank belonged to Factory Showrooms. She said the defendant wanted to pay some bills, but that his other bank account had been attached by creditors. She said the checks she wrote on the account went to pay company bills and salaries. However, the account in the Littleton bank was depleted by checks payable to either Burchinal or his wife. The account was closed out on June 13, 1962 when Mrs. Burchinal withdrew the balance of over $8,000 in cash. Mrs. Burchinal explained the withdrawals by stating that the money was deposited in two other banks, but the record discloses that she purchased a cashier's check with $3,500 of the money.[2]

The appellant testified that he considered the account in Charline's name to be a trust account for the benefit of Factory Showroom creditors, that the $8,400 went to pay only corporate creditors, and only with his approval. He said he received only a small part of the amount for his personal use.

The Referee in Bankruptcy testified that the $8400 transaction with Stein was never mentioned in either of the two bankruptcy hearings. The Referee stated, however, that the appellant did say that there had been an account of about $8,000 to $9,000 in the Littleton Bank in Charline's name, and that the account was created to avoid the garnishment proceedings at the other bank.

The first count of the indictment is phrased in the language of paragraph 6 of 18 U.S.C. § 152, which provides:

"Whoever, either individually or as an agent or officer of any person or corporation, in contemplation of a bankruptcy proceeding by or against

---

1. This inventory was appraised in the bankruptcy to be of the value of $5,274.50.

2. Deposits were made in the Cherry Creek National Bank of Denver, Colorado to the account of Charline Burchinal, and in the Arapahoe State Bank of Littleton, Colorado to the account of Charline McKenzie, but the bank records were not produced to show the amount of or the date of the deposits.

him or any other person or corporation, or with intent to defeat the bankruptcy law, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation * * *."

The second count is phrased in the language of the second paragraph of the same section, which provides:

"Whoever knowingly and fraudulently makes a false oath or account in or in relation to any bankruptcy proceeding * * *."

For either of such violations the offender may be fined not more than $5,000 or imprisoned not more than 5 years, or both.[3] The principal assignment of error is that the evidence was insufficient to sustain the conviction.

An offense is complete under the sixth paragraph of the section when a person knowingly and fraudulently, either conceals *or* transfers assets in contemplation of bankruptcy *or* with intent to defeat the bankruptcy law. The term "transfers or conceals" is to be applied in the disjunctive so that proof of either in conjunction with the other elements of the offense is sufficient to sustain a conviction. Viles v. United States, 10 Cir., 193 F.2d 776, cert. denied 343 U.S. 915, 72 S.Ct. 650, 96 L.Ed. 1330, rehearing denied 343 U.S. 937, 72 S.Ct. 773, 96 L.Ed. 1344; United States v. Switzer, 2 Cir., 252 F.2d 139, cert. denied 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366, rehearing denied 358 U.S. 859, 79 S.Ct. 16, 3 L.Ed.2d 93; United States v. Shapiro, 7 Cir., 101 F.2d 375, cert. denied 306 U.S. 657, 59 S.Ct. 774, 83 L.Ed. 1054; 2 Collier on Bankruptcy, ¶ 29.10. Concealment is not a necessary element of a prohibited transfer, nor does it require a physical secretion of the asset. It is sufficient to constitute concealment if it prevents the discovery of or withholds knowledge of the asset. United States

v. Schireson, 3 Cir., 116 F.2d 881, 132 A.L.R. 1157. Moreover, while the making of a false oath, as alleged in count two of the indictment, is an offense in itself, it may also constitute a concealment. United States v. Schireson, supra.

There was sufficient evidence to warrant submission of this case to the jury and to sustain its verdict. Burchinal admitted that he made the sale of a substantial portion of the corporation's inventory to Stein for much less than its value at a time when the corporation was confronted with a financial crisis. It is not denied that the proceeds from this sale were transferred to his wife, who opened an account in a bank not theretofore used by the corporation, Burchinal, or herself, and under her maiden name. It is admitted that the Stein transaction and the transfer of the proceeds to Burchinal's wife were not mentioned in the bankruptcy proceedings. Burchinal told an investigating officer that he knew he was "going under" and that he sold the merchandise to Stein to get some ready cash. He said he felt that this money was coming to him and that he had put it in a Littleton bank in his wife's maiden name to prevent his creditors from getting it. It is contended that the money in the Littleton bank account was held there in trust for the corporation and that there was no actual transfer of these funds. Clearly, the question of whether the transfer was with the intent to defeat the bankruptcy law as well as that of the false oath charge was for the jury. Harper v. United States, 5 Cir., 334 F.2d 180; Edwards v. United States, 9 Cir., 265 F.2d 302; Butler v. United States, 9 Cir., 310 F.2d 214.

To support his contention that the Stein funds were used to pay corporate obligations, Burchinal offered in evidence a number of cancelled checks signed by Charline McKenzie and Char-

---

3. Burchinal was sentenced to serve concurrently a term of 2 years on each count. These sentences were suspended and the accused was placed on probation for the period. On the second count, a 10 day jail sentence was imposed which was not suspended.

line Burchinal, drawn on banks other than those where the original deposit of these funds was made. The reason for the rejection of these cancelled checks in evidence is not clear, but there was other testimony as to the payments, and if there was error it was harmless.

 The appellant also alleges that he did not have an adequately instructed jury. The record reveals no objections to the instructions or the manner in which they were given. He may not now complain. Rule 30, F.R.Cr.P.; Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462; Walton v. United States, 10 Cir., 334 F.2d 343; Beasley v. United States, 10 Cir., 327 F.2d 566, cert. denied 377 U.S. 944, 84 S.Ct. 1351, 12 L.Ed.2d 307.

Affirmed.