**UNITED STATES of America,
Appellee,**

v.

**Lewis Joseph SWARTZ, Appellant.**

**No. 10158.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 6, 1965.

Decided March 2, 1966.

Robert K. Thompson, Alexandria, Va. (Court-assigned counsel), for appellant.

MacDougal Rice, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and MAXWELL, District Judge.

MAXWELL, District Judge:

Appellant was charged in the United States District Court for the Eastern District of Virginia, Alexandria Division, in an information filed by the United States Attorney for that District, with the offense of uttering a check knowing "at the time of the uttering of said check that he did not have sufficient funds in nor sufficient credit with" the banking institution upon which the check was drawn, in violation of Title 18 U.S.C. § 13;[1] and Title 6, Code of Virginia, Section 129;[2] and Title 18 U.S.C. § 661.[3]

Jury trial was waived and Appellant was found guilty by the district court on April 16, 1965. On May 14, 1965, Appellant was sentenced to the custody of the Attorney General for "treatment and supervision as is provided for in Title 18 U.S.C., Section 5010(b) until discharged by the Federal Youth Correction Division of the Board of Parole as provided in Title 18 U.S.C., Section 5017(c)."

This Court having carefully considered the assignments of error urged by Appellant is unable to conclude that the trial court committed error in finding the defendant guilty and imposing judgment.

Appellant contends that he was unlawfully detained by the employees of the United Airlines at Dulles International Airport, United Airlines being the victim of the crime with which Appellant is charged, and subsequently, by an agent of the Federal Bureau of Investigation, who was called into the investigation. The crux of Appellant's contention in this regard is that the alleged unlawful detention should cause the exclusion of oral statements given by Appellant admitting his complicity in the alleged crime.[4]

The facts as determined from the record in this case are that on February 17, 1965, between 5:00 and 5:30 p. m., the Appellant went to the United Airlines counter at Dulles International Airport, situated in Fairfax County, Virginia, to obtain a previously ordered ticket from that airline. In payment for the ticket, Appellant gave the United Airlines agent a check in the amount of $98.28, drawn

1. "Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

2. "Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft, or order for the payment of money, upon any bank, banking institution, trust company, or other depository, knowing, at the time of such making, drawing, uttering or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank, banking institution, trust company, or other depository, for the payment of such check, draft or order, although no express representation is made in reference thereto, shall be guilty of larceny." (First paragraph of three paragraphs).

3. "Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows:

"If the property taken is of a value exceeding $100, or is taken from the person of another, by a fine of not more than $5,000, or imprisonment for not more than five years, or both; in all other cases, by a fine of not more than $1,000 or by imprisonment not more than one year, or both.

"If the property stolen consists of any evidence of debt, or other written instrument, the amount of money due thereon, or secured to be paid thereby and remaining unsatisfied, or which in any contingency might be collected thereon, or the value of the property the title to which is shown thereby, or the sum which might be recovered in the absence thereof, shall be the value of the property stolen."

4. " * * * any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses * * *." 18 U.S.C., Federal Rules of Criminal Procedure, Rule 5(a).

on a Washington, D. C., area banking institution. Earlier in the same day Appellant had opened a checking account with this banking institution and deposited $35.00. Immediately thereafter he withdrew all of this amount except $5.00.

There is testimony that following the purchase of his ticket the Appellant remained in the airport terminal building until approximately 7:30 p. m., when he was at a filling station near the terminal building. At this time a United Airlines employee approached Appellant, telling him that he, the United Airlines employee, knew that Appellant "did not have a balance in the bank to cover the check." Appellant acknowledged this fact and agreed to return to the United Airlines counter. Appellant was invited to sit in the lounge area provided for special guests. The airline employees endeavored by telephone to contact persons for Appellant, made a telephone, with an outside line, available to him, and saw to it that he was provided with food. There is testimony that Appellant used the telephone facilities for a period of approximately forty-five minutes. There is also testimony that Appellant had not lost his United Airlines ticket, as earlier contended, but he had taken the negotiable ticket to another airline, had it exchanged for a ticket of that airline of lesser value, and also received the monetary difference.

It further appears from the record that about 11:15 p. m. the airline officials called the Federal Bureau of Investigation, and an agent arrived at the airport at approximately 12:30 a. m., February 18, 1965. The FBI agent talked with Appellant at the airport until 2.30 or 3:00 a. m., when arrangements were made for the agent to take Appellant before a United States Commissioner. While at the airport, the Appellant was fully informed of his constitutional rights by the FBI agent and subsequently told the agent the circumstances that had earlier occurred, being the same or similar narrative as Appellant had earlier told the United Airlines employees.

Sometime after being arraigned before the United States Commissioner, the FBI agent obtained a written reaffirmation of Appellant's earlier oral admission to him. This written statement was not admitted into evidence by the trial court, and so we are concerned here only with the oral statements given by Appellant to the United Airlines employees and the FBI agent prior to his arraignment before the United States Commissioner.

Appellant would urge the application of the McNabb-Mallory rule as to these oral admissions, but this Court, under the facts of this case, does not feel that the exclusionary doctrine of those cases can or should be mechanically or automatically applied.

Here the facts neither compel nor suggest the conclusion that Appellant was detained in violation of Rule 5(a) Federal Rules of Criminal Procedure, Title 18 U.S.C., or decisions thereunder from the Supreme Court of the United States. Under the facts of this case there was no detention by the airline employees. The airline employees believed Appellant was a young man who had run away from home and a great portion of the time spent in the airlines lounge as for the purpose of offering assistance to him, as well as attempting to make arrangements to recoup the airlines loss because of Appellant's earlier activities. Detention, within the spirit of the applicable rule and decisions thereunder, began when the Federal Bureau of Investigation was called, and ended with Appellant's arraignment before the United States Commissioner, a period of approximately four hours. Under no view would this be a violation of Rule 5(a) or the decisions by the Supreme Court of the United States.

For the reasons assigned, and upon the very careful record of the trial of this criminal case in the district court, this Court sustains the conviction and judgment of Appellant.

Affirmed.