**Rein NEGGO, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21131.**

United States Court of Appeals
Ninth Circuit.

Feb. 13, 1968.

Charles A. Laufer (argued), Van Nuys, Cal., for appellant.

Anthony Michael Glassman (argued), Asst. U. S. Atty., William Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and MERRILL, Circuit Judges, and PLUMMER, District Judge.

CHAMBERS, Circuit Judge:

Neggo has been found guilty of embezzling from the mails. He appeals.

All issues revolve around events at and about the time of arrest.

We find that the arrest was lawful. There was probable cause. We hold that the postal inspectors were authorized to make the arrest as private citizens under California Penal Code, Section 837, and under 39 U.S.C. § 3523 (a) (2) (K). The latter section defines duties of a postal inspector. The two hour period between the time of arrest and the time appellant was released on his own did not constitute an unnecessary delay in getting to a magistrate or peace officer under California law or federal law.

A contention is made that Neggo was not advised of his right to counsel at the proper time under the Sixth Amendment and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977. This point may reach into the clarifications provided by Miranda v. State of Arizona, 384 U.S. 436, 494, 86 S.Ct. 1602, 16 L.Ed.2d 694, Westover v. United States, 384 U.S. 436, 494, although technically these cases do not apply. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. The answer we give is that simultaneously with what seems to be the point in time of "custody" Neggo was properly warned as Escobedo, Miranda, and Westover teach. It should be pointed out also that Neggo made no damaging statements prior to being advised of his right to counsel.

A search and seizure contention is made with reference to a marked fifty cent piece turned over to the inspectors and with respect to a premises search. A motion to suppress was denied. On the record, we cannot disagree with the district court's finding that the coin was voluntarily turned over and that Neggo consented to the search of his living quarters. Assuming, arguendo, that consent was given after arrest, this court has held that one under arrest may consent. United States v. Page, 9 Cir., 302 F.2d 81.

Affirmed.