**ATKINS–KROLL (GUAM) LTD., a corporation, Appellant,**

**v.**

**GOVERNMENT OF GUAM, Appellee.**

**No. 19915.**

United States Court of Appeals
Ninth Circuit.

Sept. 30, 1966.

Walter S. Ferenz, Barrett, Ferenz & Trapp, Oakland, Cal., Graham B. Moody, Jr., John B. Lowry, McCutchen, Doyle, Brown, Trautman & Enersen, San Francisco, Cal., for appellant.

Harold W. Burnett, Atty. Gen., of Guam, John C. Dierking, Jr., Asst. Atty. Gen., Agana, Guam, for appellee.

Before HAMLEY, JERTBERG and ELY, Circuit Judges.

JERTBERG, Circuit Judge:

Appellant, Atkins-Kroll (Guam), Ltd., hereinafter Kroll (Guam), is a corporation organized and existing under the laws of the Territory of Guam. All of its capital stock, except for qualifying shares, is owned by Atkins, Kroll and Company, Ltd., hereinafter Atkins Kroll, which is a corporation organized and existing under the laws of the State of California, with its principal place of business at San Francisco. It is not engaged in trade or business in Guam.

The appeal involves a claim for refund by Kroll (Guam) with respect to the withholding tax on dividends paid by it to Atkins Kroll.

The facts upon which the District Court denied the claim for refund are entirely stipulated. The pre-trial order entered in that court states:

"No question of fact is presented and the parties have stipulated that the question involved shall be determined by the court as a question of law."

The stipulated facts are: In 1958, Kroll (Guam) declared and paid to Atkins Kroll a cash dividend of $25,000.

The Government of Guam asserted that Kroll (Guam) was required by the Guam Revenue Laws, Sections 881 and 1442, to withhold 30 per cent of the sum paid as a dividend on the ground that Atkins Kroll was a foreign corporation not engaged in trade or business in Guam and assessed the sum of $7,500. Kroll (Guam) paid said sum to appellee and filed a claim for refund of such payment. Appellee took no formal action on the claim, whereupon Kroll (Guam) instituted this action in the District Court for refund of the $7,500, plus interest.

The District Court held that appellee properly required the payment of the tax of $7,500 and entered judgment denying a refund to Kroll (Guam).

Section 31 of the Organic Act of Guam, 64 Stat. 392 (1950), as amended in 1958, 72 Stat. 681 (1958), in parts here relevant [48 U.S.C. 1421i(a), (b), (d), and (e)], provides:

Section 1421i. Income Tax.

(a) Applicability of Federal laws. The income-tax laws in force in the United States of America and those which hereafter may be enacted shall be held to be likewise in force in Guam.

(b) The income-tax laws in force in Guam pursuant to subsection (a) shall be deemed to impose a separate Territorial income tax, payable to the Government of Guam, which tax is designated the "Guam Territorial income tax."

(d) The income-tax laws in force in Guam include, but are not limited to the following provisions of the Internal Revenue Code of 1954, where not manifestly inapplicable or incompatible with the intent of this section: Subtitle A (not including Chapter 2 and section 931).[1]

(e) Substitution of terms. In applying as the Guam Territorial income-tax the income tax laws in force in Guam, except where otherwise manifestly required, the applicable provisions of the Internal Revenue Codes of 1954 and 1939, shall be read so as to substitute "Guam" for "United States" and with other changes in nomenclature and other language, including the omissions of inapplicable language where necessary to effect the intent of this section.

Section 881 of the Internal Revenue Code of 1954 imposes on a foreign corporation not engaged in trade or business in the United States a tax of 30 per cent of the amount received from sources within the United States as dividends. As a means of collecting the tax, Section 1442 of the Internal Revenue Code of 1954 requires a corporation which pays a dividend to a foreign corporation not engaged in trade or business in the United States to withhold and pay over an amount equal to 30 per cent of the dividends. The amount so withheld and paid over is allowed as a credit against a tax imposed by Section 881 as provided by Section 1462 of the Internal Revenue Code of 1954.

Under the heading "Definitions", Section 7701 of the Internal Revenue Code of 1954 provides in pertinent part:

(a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—

(4) DOMESTIC. The term "domestic" when applied to a corporation or partnership means created or organized in the United States or under the law of the United States or of any State or Territory.

(5) FOREIGN. The term "foreign" when applied to a corporation or partnership means a corporation or partnership which is not domestic.

(9) UNITED STATES. The term "United States" when used in a geographical sense includes only the States and the District of Columbia.

(10) STATE. The term "State" shall be construed to include the District of Columbia, where such construc-

---

1. Subtitle A pertains to income taxes.

tion is necessary to carry out provisions of this title.

By substituting "Guam" for "United States", as directed in subsection (e) of Section 1421i of the Organic Act of Guam, such sections in pertinent parts read as follows:

Section 881. In the case of every foreign corporation not engaged in trade or business within Guam, there is hereby imposed for each taxable year a tax of 30 per cent of the amount received from sources within Guam as dividends.

Section 1442. In the case of a foreign corporation subject to taxation under this subtitle not engaged in trade or business within Guam, there shall be deducted and withheld at the source in the same manner and on the same items of income as provided in Section 1441 or Section 1451 a tax equal to 30 per cent thereof, and the deduction and withholding shall be at the rate specified therein.

The problem of substitution arises in connection with Section 7701 of the Internal Revenue Code of 1954. It is appellee's position that "Guam" should be substituted for "United States" in the definition of "Domestic" in each of the two places where "United States" is used in subsection (a) (4) of 7701. Appellee would recast subsection (a) (4) of 7701 to read as follows:

"(4) DOMESTIC. The term 'domestic' when applied to a corporation or partnership means created or organized in Guam or under the law of Guam."

Appellee would thus excise from the definition the phrase "or of any State or Territory" as being inapplicable language.

It is appellant's position that "Guam" should be substituted for "United States" in only the first place where it appears in the definition.

In our view we see no reason why the last phrase in the definition "or of any State or Territory" should be disregarded and under such view it makes no difference whether "Guam" is substituted for "United States" in one or both places where "United States" appears in the definition since the phrase "or of any State or Territory" preserves Atkins Kroll as a domestic corporation since it was organized in a state of the United States, to-wit, the State of California. In holding that the phrase "or of any State or Territory" preserves a California corporation as a domestic corporation, even assuming that "Guam" should be substituted for "United States" in both places in the definition, we do so only for the purposes of Section 881, as it may well be that for the purposes of other provisions of the Guam income tax laws, the words "or of any State or Territory" would have to be disregarded pursuant to the statutory authority conveyed by the words "except where it is manifestly otherwise required." A reason for not following the latter course with respect to Section 881 lies in the fact that with respect to that section, unless the words "or of any State or Territory" are given full application, a manifest and substantial inequity results, for otherwise the combined Guam and Federal tax burden on the income which a California corporation ultimately receives from the business of its Guam subsidiary substantially exceeds the applicable corporate income tax rate under either the laws of Guam or the United States. We find nothing to indicate that Congress intended the Guam tax laws to be interpreted so as to reach such a result.

The District Court erred in concluding that Atkins Kroll is a foreign corporation under Guam tax laws.

We deem it unnecessary to reach other contentions appearing in the briefs.

The judgment of the District Court is reversed.