**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arthur Ronald DeCATUR, Defendant-
Appellant.**

**No. 22382.**

United States Court of Appeals,
Ninth Circuit.

July 20, 1970.

Lawrence J. Lee, of Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for defendant-appellant.

Arthur Ronald DeCatur, pro se.

George Rayborn (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Robt. L. Brosio, Chief, Criminal Division, Los Angeles, Cal., for plaintiff-appellee.

Before JERTBERG, BROWNING and HUFSTEDLER, Circuit Judges.

### PER CURIAM.

Defendant was convicted of stealing mail and possessing stolen mail in violation of 18 U.S.C. § 1708. He seeks reversal on the ground that evidence admitted against him was obtained by an illegal search and seizure following his illegal arrest by federal postal inspectors.

In November 1965, a Los Angeles, California, post office was burglarized and keys taken which opened postal relay boxes within the delivery limits of the city. Mail was later reported missing from a number of the boxes. Postal inspectors assigned to investigate received information that a "dirty white or light blue" Nash Rambler had been observed in the vicinity of the relay boxes from which mail had been taken, and that some of the missing mail had been found in garbage bins at the rear of an apartment complex.

After receiving reports of further relay box pilferage, Postal Inspectors Peterson, Dawes, and Collier established a "stake-out" behind the apartment complex. Inspector Collier posted himself in an apartment on the third floor overlooking the garbage bins. Inspector Peterson checked the trash bins and found one nearly empty; and he and Inspector Dawes then stationed themselves a short distance away but out of sight of the bins. Fifteen minutes later Inspector Collier informed Inspectors Peterson and Dawes by radio that a man driving a white Nash Rambler had stopped at the garbage bins and was hurriedly dumping material from the trunk of the car into one of the bins. Inspector Peterson ran to the bins. He saw that the previously near-empty bin contained a quantity of torn mail. He also observed defendant re-entering the Rambler, and recalled that defendant had been convicted of possessing stolen mail. Inspector Peterson then ordered Inspector Dawes to place defendant under arrest.

Inspector Peterson immediately searched defendant and found a key in his pocket. Using the key, Inspector Peterson opened the trunk of defendant's automobile and discovered and seized the items in question.

Defendant concedes that postal inspectors now have power to make arrests as a result of the enactment of 18 U.S.C. § 3061, but contends that at the time of his arrest they lacked such power.

We have ruled that 39 U.S.C. § 3523(a) (2) (K) (1964), the statute which delineated the powers of postal inspectors at the time of defendant's arrest, authorized them to make arrests. Neggo v. United States, 390 F.2d 609, 610 (9th Cir. 1968); *accord,* United States v. Alexander, 415 F.2d 1352, 1355 (7th Cir. 1969); Kelley v. Dunne, 344

F.2d 129, 130 (1st Cir. 1965); United States v. Bell, 294 F.Supp. 1314, 1315–1317 (N.D.Ill.1968).

Even if 39 U.S.C. § 3523(a) (2) (K) did not grant them this authority, however, we would conclude that the inspectors were authorized to arrest defendant by section 837(3) of the California Penal Code. Section 837(3) provides that a private citizen may arrest another when "a felony has been in fact committed, and he has reasonable cause for believing the person arrested to have committed it." Postal inspectors are not excluded from that statute's coverage, Neggo v. United States, *supra*, and either mail theft or the possession of stolen mail qualifies as "a felony" within the meaning of the statute. Ward v. United States, 316 F.2d 113, 117 (9th Cir. 1963). As Judge Barnes pointed out in *Ward*, the second requirement of section 837(3) is satisfied if "the information and knowledge the arresting person had [would have led] a person of ordinary reasonable judgment, intelligence, care and prudence, to believe the person to be arrested had committed the felony," *Id.* Here, Inspector Peterson clearly had such knowledge.

Defendant contends that the postal officers did not make a proper citizen's arrest because they failed to inform him of the cause of arrest and their authority to make it, as required by California Penal Code § 841. But defendant was arrested for illegal possession of stolen mail matter, as well as mail theft, and section 841 stipulates that the notice requirement shall not apply "when the person to be arrested is actually engaged in the commission of * * * an offense." *See* Ward v. United States, *supra*, 316 F.2d at 118.

Defendant argues that even if section 837(3) gave the postal inspectors authority to arrest him, no provision of California law authorized Inspector Pe-

terson *to* search his car trunk. "But the question here is not whether the search was authorized by state law. The question is rather whether the search was reasonable under the Fourth Amendment." Cooper v. California, 386 U.S. 58, 61, 87 S.Ct. 788, 790, 17 L.Ed.2d 730 (1967). Applying federal constitutional standards, we conclude, as the district court did, that the inspector had probable cause to believe that the defendant's automobile contained the fruits of a crime subject to seizure. The warrantless search of the vehicle was therefore reasonable. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The search was also reasonable as incident to defendant's lawful arrest. Preston v. United States, 376 U.S. 364, 366–367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); *see also* Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 221, 88 S. Ct. 1472, 20 L.Ed.2d 538 (1968); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Call v. United States, 417 F.2d 462, 465 (9th Cir. 1969). We need not determine whether the search would have been proper on the latter ground under the standards announced in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), *but cf. Id.* at 764 n. 9, 89 S.Ct. 2034 for this court has held that *Chimel* is not to be applied retroactively. Williams v. United States, 418 F.2d 159, 161–162 (9th Cir. 1969); Boyden v. United States, 427 F.2d 895 (9th Cir. May 19, 1970).

Defendant asserts that he was not given the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), but there is nothing in the record to indicate that defendant was questioned or, if he was, that fruits of the questioning were used to convict him.

Affirmed.