520 P.2d 299

**STATE of Arizona, Appellant,**

v.

**William Marlin McCULLAR and Louis Vince, Appellees.**

**No. 2557.**

Supreme Court of Arizona,
In Division.

March 27, 1974.

Gary K. Nelson, Atty. Gen., and Moise Berger, Maricopa County Atty. by James C. Martin, Former Deputy County Atty., Phoenix, for appellant.

Leonard J. Mark, Phoenix, for appellee McCullar.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Former Deputy Public Defender, and John Foreman, Deputy Public Defender, Phoenix, for appellee Vince.

STRUCKMEYER, Justice.

This is an appeal by the State from an order of the Superior Court of Maricopa County granting a motion to suppress evidence concerning 36 kilos of marijuana. We hold the motion to suppress was erroneously granted.

On February 20, 1972, five police officers from the Metropolitan Enforcement Group, Denver, Colorado, were staying overnight at the Rodeway Inn in Phoenix, Arizona. While on their way to dinner, they picked up a hitchhiker, a woman later identified as Sheila Brown. In talking with her, the conversation turned to marijuana. She told the Colorado officers that if they would give her their telephone number she would have an individual contact them from whom they could make a purchase. Later that evening, a phone call was received and the initial contact was made which ultimately led to the seizure of the marijuana involved in this appeal.

The following day, after some preliminary maneuvers, two of the Colorado police officers met the appellees, McCullar and Vince, at a Tastee-Freez parking lot near 75th Avenue and Indian School Road. There, McCullar and Vince were given $4,670.00 in marked bills in payment for marijuana. Immediately thereafter, the two Colorado police officers identified themselves and placed McCullar and Vince under arrest. One of the officers took the keys out of the appellees' vehicle and opened the trunk. Inside were 36 kilo bricks of marijuana. Shortly thereafter, in response to a telephone call by the Colorado officers, the Phoenix police arrived and the appellees' vehicle was impounded and the 36 kilos of marijuana seized.

■ On these facts, the seizure of the marijuana was constitutionally lawful. In Arizona, by A.R.S. § 13–1403, a peace officer without a warrant may make an arrest when the person to be arrested has committed a felony. And by § 13–1404, a private person may make an arrest when the person has in his presence committed a felony. The Colorado officers, irrespective of their standing as police officers in Arizona, were authorized to make a lawful arrest as private persons if a felony was committed in their presence.

■ Arizona's Uniform Narcotic Drug Act, A.R.S. § 36–1001, subsec. 10, as amended, provides:

" 'Sale' includes barter, exchange or gift, or offer therefor, * * *."

It is argued by appellees that there is no evidence that they made an offer of sale to the Colorado officers, but we think appellees unrealistically interpret the facts. Both parties knew that the Denver agents were attempting to purchase marijuana and that in exchange for the $4,670.00 appellees were expected to deliver 36 kilos of marijuana. In view of the statement made by one of the appellees at the Tastee-Freez that they had the marijuana and the absence of any compelling evidence that their offer to sell was false, it is reasonable to conclude that appellees were offering to make a sale within the literal meaning of A.R.S. § 36–1001, subsec. 10, *supra*. People v. Brown, 55 Cal.2d 64, 9 Cal.Rptr. 816, 357 P.2d 1072 (1960). Indeed, the failure to make a delivery would not be decisive of whether an offer was made in violation of the statute. Pryor v. State (Ind.Sup.), 296 N.E.2d 125 (1973).

■ Not only is the sale of marijuana a felony, A.R.S. § 36–1002.07, but the possession of, A.R.S. § 36–1002.05, and the possession of marijuana for sale, A.R.S. § 36–1002.06, are felonies. Since the sole purpose of the meeting at the Tastee-Freez was to make an exchange of money for marijuana, there was probable cause to believe that appellees, McCullar and Vince, had possession of and were selling marijuana and, hence, obviously probable cause to make a lawful arrest.

Just as obviously there was probable cause to search the car for marijuana. In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the court re-examined the case of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 453 (1925), and commented on it to this effect:

> "After surveying the law from the time of the adoption of the Fourth Amendment onward, the Court held that automobiles and other conveyances may be searched without a warrant in circumstances that would *not justify the search* without a warrant of a house or an office, *provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize."* (Emphasis supplied) 399 U.S. 42, 48, 90 S.Ct. 1975, 1979, 26 L.Ed.2d 419, 426.

Later in its opinion, the Court concluded:

> "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." 399 U.S. 42, 52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419, 428.

We do not read Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L. Ed.2d 564 (1971) as forbidding a warrantless search of a motor vehicle if there is probable cause to believe the vehicle contains articles that the officers are entitled to seize. *And see* State v. Childs, 110 Ariz. 389, 519 P.2d 854 (filed March 8, 1974).

The order of the Superior Court granting the motion to suppress is reversed and the cause is remanded with directions to proceed in accordance with the views expressed herein.

CAMERON, V. C. J., and LOCKWOOD, J., concur.