540 P.2d 674
**STATE of Arizona, Appellee,**

v.

**David John GOLDBERG, Appellant.**

**No. 2995.**

Supreme Court of Arizona,
In Banc.

Sept. 25, 1975.

N. Warner Lee, Atty. Gen. by Stanley L. Patchell, Asst. Atty. Gen., Phoenix, for appellee.

Knez, Glatz & Crites by Richard D. Crites, Tucson, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant was convicted of possessing marijuana for sale, a violation of A.R.S. § 36–1002.06. His motion to suppress evidence on the grounds of unlawful arrest and unlawful search and seizure was denied by the Superior Court. He appeals, alleging error in that denial.

At approximately 2:30 a. m. on January 9, 1974, appellant was riding a motorcycle on a dirt road in the Cabeza Prieta Game Range in southern Arizona, at a location approximately two miles north of the Mexican border and three miles east of Papago Wells. This is a restricted area managed by the Fish and Wildlife Service of the United States Department of the Interior and since it is used for military purposes by the United States Air Force, requires permission from the Air Force to travel in it. Appellant rode past the camp of three agents of the Fish and Wildlife Service. These agents followed the appellant. Shortly, the agents found the vehicle upon which appellant had been riding, but it was unattended. As one of the agents approached the vehicle, he detected the odor of marijuana coming from some large bags that were strapped to it. He cut one of the bags open and subsequent analysis determined the contents to be, in fact, marijuana. Some time thereafter, appellant, who had apparently hidden behind some bushes a few yards away, returned to his motorcycle and was placed under arrest by the agents.

Appellant's first claim of error involves the authority of agents of the Fish and Wildlife Service to make arrests for violations of Arizona's marijuana laws. He argues that these agents have only the limited authority provided in 16 U.S.C. § 706, 18 U.S.C. § 3054, and 50 C.F.R. to enforce the federal fish and wildlife laws and regulations. The cited statutes do limit the arrest and search and seizure power of such agents. Arrests can only be made if a violation of a fish and wildlife law or regulation has occurred in the presence of the agents or if there is probable cause that an individual is knowingly and willfully violating such provisions or if done pursuant to a valid warrant. Searches cannot be made without a warrant. Appellant argues that such being the sole authority of the agents, they do not have authority to make arrests or searches with regard to criminal violations of a state law; that the

agents did not see a violation of the fish and wildlife laws or regulations, nor did they have probable cause to believe one had taken place; and, as a result, that the arrest and search were unlawful. We disagree.

■ Although while enforcing the federal fish and wildlife laws the federal statutes must be strictly adhered to, *Aiuppa v. United States,* 338 F.2d 146 (10th Cir. 1964), federal agents still have the power to make arrests for violations of state laws as private citizens. It was held that federal postal agents with limited arrest authority could make an arrest under a state's private citizen arrest statute. *United States v. DeCatur,* 430 F.2d 365 (9th Cir. 1970); *see also, Wion v. United States,* 325 F.2d 420 (10th Cir. 1963).

A.R.S. § 13-1404 provides:

"A private person may make an arrest:

\* \* \* \* \* \*

2. When a felony has been in fact committed and he has reasonable ground to believe that the person to be arrested has committed it."

In *State v. McCullar,* 110 Ariz. 427, 520 P.2d 299 (1974), five Denver, Colorado police officers in Phoenix, Arizona made an arrest for possession, sale, and possession of marijuana for sale, violations of A.R.S. §§ 36-1002.05 to .07, under A.R.S. § 13-1404. We held that evidence concerning 36 kilos of marijuana was erroneously suppressed because the Colorado officers had statutory authority as private persons and probable cause to believe the defendant in that case had committed a felony and to believe that the vehicle being driven by defendant contained articles subject to seizure.

■ The determinate issue in this case, to which we now turn, is whether the agents had sufficient information to establish probable cause to believe that a felony had been committed and that appellant had committed it. This, in turn, depends on the reasonableness of the search.

We recently reviewed the opinions of the United States Supreme Court on vehicle searches and stated:

"In *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the court re-examined the case of *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 453 (1925), and commented on it to this effect:

'After surveying the law from the time of the adoption of the Fourth Amendment onward, the Court held that automobiles and other conveyances may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, *provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize.* (Emphasis supplied) 399 U.S. 42, 48, 90 S.Ct. 1975, 1979, 26 L.Ed.2d 419, 426.'"

and that:

"We do not read *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) as forbidding a warrantless search of a motor vehicle if there is probable cause to believe the vehicle contains articles that the officers are entitled to seize." *State v. McCullar,* supra, 110 Ariz. at 429, 520 P.2d at 301.

And *see also, State v. Benge,* 110 Ariz. 473, 478, 520 P.2d 843, 848 (1974).

■ Appellant argues that probable cause was lacking in the instant case because there was no showing that the agent was qualified to detect and identify the odor of marijuana, citing *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) and *Taylor v. United States,* 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 (1932). However, in *State v. Mahoney,* 106 Ariz. 297, 475 P.2d 479 (1970), we held that a warrantless search of a suitcase obtained from an automobile was justified since the police officer had detected the odor of marijuana coming from the suit-

case. Probable cause was found after the officer had testified:

"Q Okay. Now, during the trip to the station with the suitcase did anything unusual happen?

A Yes, sir. On the way to the station a couple of times I thought that I smelled marijuana. It was very strong in my vehicle.

Q You are familiar with and can identify the odor of marijuana?

A I am familiar with it, yes, sir." 106 Ariz. at 301–302, 475 P.2d at 483–484.

In the case at bar, the agent who had conducted the search testified:

"Q. Did you have occasion to look into the sacks?

A. Right. You could smell the smell that I have smelled before which smelled like marijuana, and I took my knife out and cut one of the bags open, and there were several packages—well, in the bag that I opened up, and one of them was busted open and it was what looked to me to be marijuana since I had seen marijuana a few times before."

This testimony, given without an objection or an attempt to discredit the witness, shows a sufficient familiarity with the odor and appearance of marijuana to constitute probable cause to believe that the bags contained contraband. There being a lawful search of the bag, the agents obviously had sufficient information to lead them to believe that a felony had in fact been committed and that the appellant was the one who had committed it.

The testimony was that the agents followed appellant to determine why he was in this restricted area. There is no indication in the record that the agents were initially concerned with anything other than determining why appellant was in the restricted area, in accordance with federal regulations, 50 C.F.R. §§ 26.2, 27.1, 28.26. It was only after they approached the unattended motorcycle that there was any indication that appellant was transporting marijuana.

For the foregoing reasons, we hold that appellant's motion to suppress was properly denied.

Judgment affirmed.

HAYS, HOLOHAN and GORDON, JJ., concur.

CAMERON, Chief Justice (concurring).
I concur in the result.