556 P.2d 338
**STATE of Arizona, Appellant,**

v.

**Dennis Lynn MILLION, Sheldon Allan Gross and Diane Frances Shenk, Appellees.**

**No. I CA–CR 1529.**

Court of Appeals of Arizona, Division 1.

Sept. 23, 1976.

Rehearing Granted Nov. 3, 1976.

Michael Irwin, Yuma County Atty. by Wm. Michael Smith, Deputy County Atty., Yuma, for appellant.

Stephen J. Rouff, Paul Hunter, Yuma, for appellee Million.

Risner, Raven & Keller by Peter B. Keller, Tucson, for appellee Gross.

Bradshaw & Benesch by Wayne C. Benesch, Yuma, for appellee Shenk.

## OPINION

HOWARD, Chief Judge.

The state brings this appeal under A.R. S. Sec. 13–1712(7) from an order granting appellees' motion to suppress the use of the finding of 1,200 pounds of marijuana as evidence. We believe the order was improvidently granted and reverse.

Appellees were charged with transportation of marijuana and possession of marijuana for sale. Two questions are posed for our consideration: (1) Did the officers have probable cause to search the motor vehicle and arrest the appellees? (2) Did the circumstances sanction a search of the motor vehicle without first obtaining a search warrant?

The facts necessary for a determination of this appeal are as follows. On May 12, 1975, acting on the tip of an informant, officers of the Drug Enforcement Administation, the Department of Justice and officers of the Yuma City-County Narcotics Task Force conducted a surveillance of a residence at 2590 West 14th Place in Yuma. The informer had identified several vehicles allegedly used by narcotics traffickers and one of them, a tan motor home, was seen at the house. Officer Stevenson testified at the hearing on the motion to suppress that from his vantage point, he was able to identify the three appellees in and about the motor home. Also, that he observed them carrying dark-colored gar-bage bags into the motor home and that the garbage appeared to be full of brick-sized objects. He further testified that he had seen similar garbage bags used in more than 100 prior marijuana case investigations and that from his experience was able to state that the garbage bags are used for such transportation because they conceal the smell better and are waterproof.

When the motor home and a Volkswagen left the residence, surveillance was continued to the Jet Cafe where appellees parked the motor home and got into the Volkswagen. They went to a different residence, returned and went into the cafe. When they came out, they all entered the motor home and it was driven toward the California border. It was stopped by the officers when it became clear the motor home was about to leave Arizona. Officer Stevenson testified that the three subjects left the vehicle while he and his supervisor entered it and located marijuana. The appellees were then placed under arrest.

We acknowledge that a reversal in this instance would not be proper unless the trial court clearly abused its discretion. *State v. Vandeveer*, 23 Ariz.App. 331, 533 P.2d 91 (1975). However, we think it did. As an appellate court, we must assume the ultimate facts to exist as strongly in support of the court's ruling as the evidence will reasonably justify. *State v. Boyer*, 106 Ariz. 32, 470 P.2d 439 (1970). Here there was no conflicting testimony given at the hearing on the motion to suppress and the court therefore considered the testimony since it was not obviously incredible or physically impossible. *State v. Dominguez*, 87 Ariz. 149, 348 P.2d 919 (1960).

The test of probable cause to arrest is outlined in *State v. Sardo*, 112 Ariz. 509, 543 P.2d 1138 (1975):

"'The lawfulness of a warrantless arrest depends upon whether the facts and circumstances within the knowledge of the arresting officer at the time were sufficient to warrant a man of reasonable

caution to believe that a felony had been committed by the person arrested.' *State v. Edwards,* 111 Ariz. 357 at 360, 529 P. 2d 1174, at 1177 (1974). See also *State v. Green,* 111 Ariz. 444, 532 P.2d 506 (1975)." 112 Ariz. at 515, 543 P.2d at 1144.

In *Sardo,* supra, our Supreme Court, citing *United States v. Patterson,* 492 F.2d 995 (9th Cir. 1974), cert. den., 419 U.S. 846, 95 S.Ct. 82, 42 L.Ed.2d 75 (1974), found that where the totality of events makes it more probable than not that the agents would find smuggled contraband in a motor vehicle, there was probable cause to stop it. Also in *Sardo* the court said that information can be viewed by the officer in light of his past experiences so as to interpret the actions of persons he had under surveillance.

The testimony of Officer Stevenson that he saw appellees loading the motor home with the green garbage bags and that the bags contained brick-shaped objects, combined with the officer's knowledge of the use of such bags and the identification of the vehicle by the informant, satisfies the language in *Sardo.*

It is of no consequence that the informant here was never shown to be reliable. The Fifth Circuit Court of Appeals has said:

"The idea that a reliable informer may somehow supply probable cause while a first-time informer can not is only the beginning of the inquiry. Probable cause rests on the whole of the evidence which is urged in support of police action. It may rest entirely on information from a reliable informer, or it may be based on a combination of informer's information, itself insufficient, and facts generated by independent police investigation." *United States v. Lopez-Ortiz,* 492 F.2d 109 (5th Cir. 1974) at 113–114.

Appellees argue that while the officers might well have had probable cause, it arose when Officer Stevenson saw the bags being loaded, and the delay between the 11 p.m. observation and the 1 a.m. stop

invalidated the legality of the search. However, Justice Blackmun, in *Cardwell v. Lewis,* 417 U.S. 583, 94 S.Ct. 2464, 41 L. Ed.2d 325 (1974), wrote for the majority:

"Respondent contends that here, unlike *Chambers* [*Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970)], probable cause to search the car existed for some time prior to arrest and that, therefore, there were no exigent circumstances. Assuming that probable cause previously existed, we know of no case or principle that suggests that the right to search on probable cause and the reasonableness of seizing a car under exigent circumstances are foreclosed if a warrant was not obtained at the first practicable moment. Exigent circumstances with regard to vehicles are not limited to situations where probable cause is unforeseeable and arises only at the time of arrest. Cf. *Chambers,* id., at 50–51, 90 S.Ct., at 1980–1981. The exigency may arise at any time, and the fact that the police might have obtained a warrant earlier does not negate the possibility of a current situation's necessitating prompt police action." 417 U.S. at 595–596, 94 S.Ct. at 2472.

We think that under the circumstances, the officers were correct in setting up the surveillance of the vehicle in the hope of netting more suspects and ascertaining the "drop" point for the marijuana. We do not believe the officers were compelled to obtain a search warrant as soon as probable cause was established. However, the issue regarding a warrant does arise in the second question which we must address: Was the search of the vehicle without a warrant constitutionally valid?

The state argues that the warrantless search was justified by exigent circumstances, i. e., a motor vehicle moving on the highway toward the California border. Appellees counter by saying that there were eight law enforcement officers present, the vehicle was pulled over the side of the road and they alighted from the vehicle. Under this set of facts, appellees

claim the vehicle was not going anywhere and the officers should have obtained a telephonic warrant prior to searching it. The Arizona law on what constitutes exigent circumstances in this situation is somewhat cloudy and a discussion of the cases is required.

The automobile occupies a different position than buildings in the law of search and seizure and the right to search a vehicle is broader. *State v. Benge,* 110 Ariz. 473, 520 P.2d 843 (1974), citing *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and *Chambers v. Maroney,* supra; *State v. Williamson,* 20 Ariz.App. 397, 513 P.2d 686 (1973). An automobile may be searched and evidence seized without a warrant if there is probable cause that contraband will be found and if there are exigent circumstances which prevent obtaining a warrant. *State v. Harrison,* 111 Ariz. 508, 533 P.2d 1143 (1975), citing *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), and *State v. Raymond,* 21 Ariz. App. 116, 516 P.2d 58 (1973).

Complicating the problem are the varying fact situations in the Arizona cases. In *Benge,* supra, a number of officers were present at the arrest scene, the suspects were taken into custody and the vehicle was then searched without a warrant. The court never mentions exigent circumstances but paraphrases the language of *Carroll,* supra:

"For constitutional purposes, there is no difference between on the one hand seizing and holding an automobile before presenting the issue of probable cause to a magistrate, and on the other hand, carrying out an immediate search without a warrant; and that given probable cause to search either course was reasonable under the Fourth Amendment." 110 Ariz. at 478, 520 P.2d at 848.

The court further found that the officers had probable cause to make their search and there was no necessity under the circumstances for them to procure a warrant prior to making their search.

In *State v. McCullar,* 110 Ariz. 427, 520 P.2d 299 (1974), released one week prior to *Benge,* the court stated:

"We do not read *Coolidge v. New Hampshire* [citation omitted] as forbidding a warrantless search of a motor vehicle if there is probable cause to believe the vehicle contains articles that the officers are entitled to seize." 110 Ariz. at 429, 520 P.2d at 301.

Again there was no mention of exigent circumstances. The facts show that the vehicle was parked in an off-the-street lot, two law enforcement officers were present, the suspects were placed under arrest, and the officers took the keys out of the vehicle and opened the trunk where the contraband was found.

In *State v. Sardo,* supra, the court adds the concept of exigent circumstances as a prerequisite to the warrantless search:

"Under the rationale of *Carroll v. United States,* supra, an officer may, when he has probable cause based upon a belief that a motor vehicle contains contraband (or 'that which by law is subject to seizure and destruction'), search the vehicle and seize the contraband without a warrant if exigent circumstances are present. *State v. Harrison* [citation omitted]. The apparent mobility of a motor vehicle presents a pressing need for a prompt search, i. e. an exigent circumstance. Exigent circumstances will justify the warrantless search of a motor vehicle where probable cause exists to believe that the motor vehicle contains contraband. [citations omitted]." 112 Ariz. at 513, 543 P.2d at 1142.

According to the opinion citing *Carroll,* supra, exigent circumstances are present when the vehicle can quickly be moved out of the locality or jurisdiction in which the warrant must be sought. In *Sardo,* the "motor home vehicle, though not traveling on a highway, was occupied, mobile and located in close proximation to several jurisdictions." 112 Ariz. at 514, 543 P.2d at 1143. More than one officer was involved

in the arrest but they did not know exactly how many suspects would be in the vehicle so the search was made ostensibly to check for others present who might pose a danger to the officers.

In *State v. Harrison,* supra, cited in *Sardo,* the presence of only one officer at the scene was deemed an exigent circumstance making the warrantless search preferable to attempting to obtain a warrant and risk the loss of the suspect and the evidence.

We do not think that the requirement that exigent circumstances be present before a warrantless search will be justified is newly-injected by our Supreme Court, as *Carroll* is cited as authority in the cases which mention, and those which do not mention, exigent circumstances. Furthermore, the United States Supreme Court said in *Coolidge,* supra:

> ". . . that no amount of probable cause can justify a warrantless search or seizure absent 'exigent circumstances.'" 403 U.S. at 468, 91 S.Ct. at 2039.

Therefore, we must assume that such a requirement has always been present and the court in *Benge* and *McCullar,* both post-*Coolidge* cases, was satisfied that exigent circumstances were present even though a number of officers were on the scene in each case and the suspects in both instances were actually placed into custody before the search was conducted. We therefore can say that there were exigent circumstances present here even though there were eight officers at the scene. Such a situation follows the dictates of our Supreme Court in finding exigent circumstances and the warrantless search was therefore valid.[1]

Reversed and remanded for further proceedings consistent with this opinion.

### ON MOTION FOR REHEARING

On rehearing, appellants have pointed out to us, for the first time, by means of a

motion to dismiss the appeal that the State after the granting of the motion to suppress made a motion to dismiss the case which was granted by the trial court. That being so, the issues are moot.

The motion to dismiss is granted, the appeal is dismissed and the opinion previously made by this court is vacated.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120(E).

---

[1]. See also *Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975), where the automobile was driven to the police station by an officer and then searched without a warrant.