Lee CRANMER, a single person, Plaintiff–Appellant,

v.

TYCONIC INC.; Kathleen Dailey, wife; Mark Spellman, husband; Jane Doe Spellman, wife; John Doe Dailey, husband; City of Tucson Police Department; Tucson, City of; Richard Miranda, Chief; M Lenard, Detective, wife; John Doe Lenard, husband, Defendants–Appellees.

No. 06–16383.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2008.

Filed May 14, 2008.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Plaintiff–Appellant Lee Cranmer appeals the district court's grant of summary

---

\* This disposition is not appropriate for publica-

tion and is not precedent except as provided

judgment in favor of Tyconic, Inc., the City of Tucson Police Department, the City of Tucson, and individual defendants (collectively, "the defendants"). We affirm.

I

The determinative question on the merits of the summary judgment appeal is whether probable cause existed for the arrest. In Arizona, a police officer has probable cause for an arrest if, under "the totality of the facts and circumstances known to police officers at the time of the arrest," an officer has " 'reasonable grounds to believe that an offense is being or has been committed by the person arrested.' " *State v. Lawson*, 144 Ariz. 547, 698 P.2d 1266, 1272 (1985) (internal citation omitted). The arresting officer is not required to be personally aware of all the facts establishing probable cause "as long as 'probable cause exists from the collective knowledge of all the law enforcement agents involved in th[e] operation.' " *Lawson*, 698 P.2d at 1272 (quoting *State v. Sardo*, 112 Ariz. 509, 543 P.2d 1138, 1143 (1975)).

■ The district court properly concluded that probable cause to arrest Cranmer existed as a matter of law. Sergeant Spellman, the arresting officer, had discussed the grounds for Cranmer's arrest with Detective Lenard, the fraud investigator assigned to Cranmer's case. During the course of her investigation, Detective Lenard learned numerous facts from credible sources that would have given a reasonable officer grounds to believe Cranmer had been a willing participant in Jeanie Hering's fraudulent schemes. For example, Detective Lenard learned that Cranmer had received large items of furniture, flying lessons, and large bank deposits as a

result of Hering's fraud. Lenard also learned that Cranmer had provided several pieces of misinformation to fraud investigators, including a nonexistent Secret Service report number and the name of an attorney who stated he did not know Cranmer and was not in private practice. Therefore, although later development of the facts showed that Hering had misled Cranmer, the facts as known to the officers at the time of the arrest were sufficient to establish probable cause.

II

The district court did not abuse its discretion in denying Cranmer's Rule 60(b) motion. Cranmer provides four possible grounds for such relief: (1) newly discovered evidence, (2) excusable neglect, (3) gross negligence, and (4) manifest injustice.

In order for a moving party to merit relief based on newly discovered evidence, the moving party must show the evidence (1) is in fact "newly discovered," (2) "could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.' " *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir.1990) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir.1987)).

■ None of the evidence Cranmer proffers is in fact "newly discovered." First, while his expert witness Jerry Goddard's affidavit and report did not actually exist until eight days after the district court signed the order granting summary judgment, the evidence on which they were based had been in the possession of Cranmer's former counsel. Thus, the affi-

davit and report cannot be considered "newly discovered." *See Coastal Transfer,* 833 F.2d at 212 (holding that expert's testimony was not "newly discovered" when evidence on which the testimony was based had been in movant's possession since start of litigation). Second, Cranmer's deposition testimony and Lenard's grand jury testimony both existed long before the district court's order granting summary judgment. Neither can constitute "newly discovered evidence."

Federal Rule of Civil Procedure 60(b)(1) provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Here, Cranmer argues that his former counsel's failure to file timely oppositions to the defendants' motions for summary judgment should be considered "excusable neglect." The term "excusable neglect" "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In order to determine when such negligence is excusable, this Court conducts an equitable analysis that depends on at least four factors. These include: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Laurino v. Syringa Gen. Hosp.,* 279 F.3d 750, 753 (9th Cir.2002).

▪ The district court did not err in concluding Cranmer had not demonstrated "excusable neglect." The district court correctly concluded that Cranmer's counsel had already caused "numerous and lengthy delays," and that the defendants would be prejudiced by the additional time and money a further delay in the proceedings would cause. Based on a balancing of these equities, it was not an abuse of discretion for the district court to deny Cranmer relief pursuant to Rule 60(b)(1).

▪ Cranmer also argues he is entitled to relief, pursuant to Rule 60(b)(6), due to his former counsel's gross negligence in accordance with this Court's decision in *Community Dental Services v. Tani,* 282 F.3d 1164, 1169 (9th Cir.2002). In *Tani,* however, this Court expressly relied on the fact that the district court had entered a default judgment in that case. *Id.* at 1169. The court reasoned that "judgment by default is an extreme measure and a case should, 'whenever possible, be decided on the merits.'" *Id.* at 1170 (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.1984) (per curiam)). Here, however, the district court entered judgment on the merits of the case. Thus Cranmer is not entitled to relief due to attorney abandonment or gross negligence under Rule 60(b)(6).

Finally, Cranmer argues he is entitled to relief because the district court's ruling was "manifestly unjust," under Rules 59 and 60. Under Federal Rule of Civil Procedure 59(e), a district court may, in its discretion, alter or amend a judgment if "the district court committed clear error or made an initial decision that was manifestly unjust." *Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir.2001). Additionally, Rule 60(b)(6) has been viewed by this Court as a "catch-all provision that allows a court to vacate a judgment for 'any other reason justifying relief from the operation of the judgment,'" and "'has been used sparingly as an equitable remedy to prevent manifest injustice.'" *Lehman v. United States,* 154 F.3d 1010, 1017 (9th Cir.1998) (quoting *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.1993)). To receive relief under Rule 60(b)(6), a moving party must "show both injury and that circumstances beyond its control prevented time-

ly action to protect its interests." *Alpine Land,* 984 F.2d at 1049.

■ In *Zimmerman,* the plaintiffs' argued it would be "manifestly unjust" for the district court to issue its ruling without first obtaining and considering particular evidence. This Court held that it was not an abuse of the district court's discretion to deny the plaintiffs' motion under Rule 59(e) because the evidence, even if considered, would still have failed to change the district court's conclusion in the case. 255 F.3d at 740–41. Similarly, the district court did not abuse its discretion here when it denied Cranmer's motions for relief based on manifest injustice because his evidence does not change the fact that the Tucson Police Department had probable cause to arrest Cranmer at the time of his arrest. Cranmer is thus unable to show he was "injured" under the law, as required by Rule 60(b)(6).

**AFFIRMED.**